Doris Loisell Mullen v. Commissioner.
Mullen v. Commissioner
Docket No. 22884.
United States Tax Court
1950 Tax Ct. Memo LEXIS 198; 9 T.C.M. (CCH) 409; T.C.M. (RIA) 50122; May 23, 1950
*198 John W. Fribley, Esq., Fribley Bldg., Pana, Ill., William Schwerdtfeger, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $402 in the petitioner's income tax fo the calendar year 1945. The petitioner alleges that the Commissioner erred in adding $2,015.17 to her income. Findings of Fact The petitioner filed her individual income tax return for 1945 with the collector of internal revenue for the eighth district of Illinois. The petitioner was engaged in the business of operating a restaurant and tavern at Pana, Illinois during the taxable year. She reported $1,069.75 as her income from that business in 1945. The Commissioner, in determining the deficiency, added $2,015.17 to the petitioner's income as shown on her return, and allowed additional depreciation in the amount of $100. The bank account of the petitioner increased in the amount of $122.43 during 1945 and she expended during that year $ 221.41
to purchase equipment
424.08
to meet principal payments on per-
sonal residence
167.00
to pay income tax
1,150.00
to increase inventory. The Commissioner added living *199 expenses of $1,000 to those items in order to arrive at the additional amount which he included in the petitioner's income. The petitioner, prior to 1945 and during 1945, received money as gifts from J. Frank McKee. He also paid all or a large part of her expenses during 1945. The petitioner received over $1,900 from McKee during 1944 and over $2,500 from him during 1945 as gifts. The petitioner had no income during 1945 except as she reported her income in her income tax return for that year. Opinion MURDOCK, Judge: The petitioner filed a return for 1945 in which she reported the income from her business as shown on her books. The Commissioner has found no fault with those books and has made no change in any of the amounts reported on the return except that he has added to the net income as reported $2,015.17. That amount was determined by adding together a number of items shown in the findings of fact. The petitioner has stipulated with the Commissioner that the figures going to make up the $2,015.17 are correct with the exception of the $1,000 for living expenses. The Commissioner argues that a business as large as that conducted by the petitioner must have made more money, *200 yet he does not attack the records of the business as kept by the petitioner. The petitioner readily admits that she made the expenditures and increased her bank account as contended by the Commissioner, but she says that this increase in her assets is more than accounted for by gifts which she received from her paramour. She also explains that the small profits from her business were accounted for in part by the fact that she was away from her business for an unusual amount of time during 1945 and also by the fact that the O.P.A. price on a blue plate dinner which she served at the restaurant was so low that she could not make any money. The evidence as a whole satisfies the Court that the Commissioner erred in adding the $2,015.17 to the petitioner's income and that her income was correctly reported on her return except for the additional deduction of $100 for depreciation. Decision will be entered under Rule 50.